## HANNAH *v.* LOWRY, sheriff.

Under the pleadings and the evidence, the judge did not err in remanding
the applicant for habeas corpus to the custody of the sheriff.

No. 6400.   MARCH 15, 1928.

Habeas corpus. Before Judge Pomeroy. Fulton superior court.
November 19, 1927.

*H. H. Turner,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for de-
fendant.

GILBERT, J.   On May 29, 1925, J. J. Hannah was convicted in
the criminal court of Atlanta of a misdemeanor, and sentenced to
pay a $100 fine or serve six months on the public works of Fulton
County. On the same day he filed his motion in arrest of judgment.
On May 30 said motion was heard and overruled. To review that
ruling Hannah petitioned the superior court of said county for a
writ of certiorari. The writ was granted; and on May 27, 1926,
after a hearing, the superior court passed an order overruling the
certiorari. Hannah excepted to this judgment; and the Court of
Appeals, on November 9, 1926, dismissed the writ of error, on the
ground that the bill of exceptions to the judgment of May 27,
1926, was not presented to the judge until June 21, 1926, and
not within 20 days after the date of the judgment complained of.
*Hannah* v. *State,* 36 *Ga. App.* 100 (135 S. E. 509). On December
4, 1926, Hannah sued out a writ of habeas corpus in the superior
court, to inquire into the legality of his detention. The sheriff·
answered that the legality of the sentence under which he detained
Hannah was based on the conviction in the criminal court of At-
lanta, which had been upheld on certiorari and on writ of error
in the Court of Appeals. On the hearing the court, on December
30, 1926, remanded Hannah to the custody of the sheriff. The
evidence introduced on this hearing, consisting of affidavit, accusa-
tion, verdict, sentence, motion in arrest, etc., identified the cause
of detention as being the same as that set out above as originating
in the criminal court of Atlanta. Hannah sued out a bill of ex-
ceptions to this judgment remanding him to the custody of the
sheriff; and the Court of Appeals ordered the case to be trans-
mitted to the Supreme Court, on the ground of jurisdiction. On

Habeas Corpus, 29 C. J. p. 180, n. 33.

October 12, 1927, this court affirmed the judgment so excepted to. *Hannah* v. *Lowry,* 165 *Ga.* 103 (139 S. E. 798).

On November 19, 1927, Hannah sued out another writ of habeas corpus before another superior-court judge of said county, to inquire into the legality of his detention. The sheriff filed the same answer as before. On the hearing Hannah was again remanded to the custody of the sheriff. The documentary evidence adduced at this hearing was the same as on the former habeas-corpus hearing, showing the cause of detention to be the same as had been before passed upon in the criminal court of Atlanta and superior court of Fulton county. To this judgment Hannah sued out a bill of exceptions to the Court of Appeals. That court, as before, ordered the case transmitted to this court on the same jurisdictional ground. Under the pleadings and the evidence, the judge did not err in remanding the prisoner to the custody of the officer. *Hannah* v. *Lowry,* supra.

*Judgment affirmed.    All the Justices concur.*